SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,

v.

Peter E. AARON, Defendant-Appellant,

and

E. L. Aaron & Co., Inc., Lawn-A-Mat Chemical & Equipment Corp., Edward L. Aaron, Peter E. Aaron, Norman Lawrence Schreiber, Donald Darwin Jacobson, Daniel Dorfman, and Fernando Erazo, Defendants.

No. 462, Docket 77–6091.

United States Court of Appeals, Second Circuit.

Submitted Nov. 12, 1980.

Decided Jan. 27, 1981.

Ralph C. Ferrara, Gen. Counsel, Paul Gonson, Sol., Jacob H. Stillman, Associate Gen. Counsel, Elisse B. Walter, Asst. Gen. Counsel, and Larry R. Lavoie, Atty., Securities and Exchange Commission, Washington, D. C., for plaintiff-appellee.

Barry M. Fallick, New York City, and Rochman, Platzer & Fallick, New York City, for defendant-appellant.

Before FEINBERG, Chief Judge, and TIMBERS,* Circuit Judge.

PER CURIAM:

This case is before us on remand from the Supreme Court, pursuant to its mandate in *Aaron v. SEC,* 48 U.S.L.W. 4609 (U.S. June 2, 1980), vacating the judgment of our court in *SEC v. Aaron,* 605 F.2d 612 (2d Cir. 1979). Following the filing of the Supreme Court's mandate in our court on July 29, 1980, we ordered that supplemental briefs be filed, requesting that the parties in particular direct their attention to whether the judgment of the district court should be affirmed on the basis of the district court's finding of scienter. See *SEC v. E. L. Aaron & Co.,* [1977–1978 Transfer Binder] Fed.Sec. L.Rep. (CCH) ¶ 96,043, at 91,684–85 (S.D. N.Y. May 5, 1977). Cf. *Aaron v. SEC,* supra, 48 U.S.L.W. at 4615 (Burger, C. J., concurring). After careful consideration of the supplemental briefs, which we have found helpful, we conclude that the judgment of the district court should be so affirmed.

---

* Pursuant to § 0.14 of the Rules of this Court, this appeal is being determined by Chief Judge Feinberg and Judge Timbers, who are in agreement on this opinion. The late Judge Robert P. Anderson, who was a member of the original panel, died on May 2, 1978.

The Supreme Court's decision affects only section IV of our prior opinion, 605 F.2d at 619–23. The crux of the Supreme Court's decision was its holding that the SEC is required to establish scienter as an element of a civil enforcement action to enjoin violations of section 17(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77q(a)(1), section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated under the 1934 Act. The Court also held that the Commission is not required to establish scienter as an element of an action to enjoin violations of section 17(a)(2) and section 17(a)(3) of the 1934 Act. In our decision, we had found it unnecessary to consider whether appellant Aaron's conduct would support a finding of scienter, concluding instead that proof of negligence would be sufficient to ground an injunction under these provisions of the securities laws. To the extent that that decision is inconsistent with the mandate of the Supreme Court, the decision and the judgment entered thereon are vacated. In all other respects, however, we reaffirm our prior opinion and the judgment entered thereon.

In light of the Supreme Court's decision, we must now consider whether the scienter requirement was satisfied in this case. We see no error in the district court's finding that Aaron's inaction constituted a wilful failure to stop the fraud being committed by his subordinates. Aaron had actual knowledge of the misrepresentations being made by the sales representatives: this is not a case of mere recklessness in failing to learn of a fraud being committed. And while Aaron argues that his failure to take steps to stop the fraud shows no more than "carelessness or ... poor judgment," the district court expressly found that his inaction was intentional, and we see no basis for disturbing this finding. See *Rolf v. Blyth, Eastman Dillon & Co.*, 570 F.2d 38, 45 (2d Cir.), cert. denied, 439 U.S. 1039 (1978). In short, we agree with Judge Gagliardi's conclusion that "the fact that Peter Aaron intentionally failed to terminate the false and misleading statements made by Schreiber and Jacobson, knowing them to

be fraudulent, is sufficient to establish his scienter under the securities laws." *SEC v. E. L. Aaron & Co.*, supra, [1977–1978 Transfer Binder] Fed.Sec.L.Rep. (CCH) at 91,685.

Accordingly, we affirm the permanent injunction issued by the district court.